<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1216**

YANDUAN NI, a/k/a Yan-Duan Ni,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals

Submitted:   October 18, 2012        Decided:   November 19, 2012

Before KING, GREGORY, and KEENAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Zhiyuan Qian, LAW OFFICES OF GERALD KARIKARI, P.C., New York, New York, for Petitioner. Stuart F. Delery, Acting Assistant Attorney General, Francis W. Fraser, Senior Litigation Counsel, Justin R. Markel, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yanduan Ni, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals (Board) affirming without opinion the Immigration Judge's decision denying relief from removal. Ni first disputes the finding that she failed to qualify for asylum and withholding of removal.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the BIA's interpretation of the INA and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

We have reviewed the evidence of record and conclude that substantial evidence supports the agency's finding that Ni

2

failed to show that she suffered past persecution or has a well-founded fear of future persecution. We therefore uphold the denial of Ni's requests for asylum and withholding of removal. See Camera v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum—even though the facts that must be proved are the same—an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

Next, Ni challenges the denial of her application for protection under the Convention Against Torture (CAT). To qualify for this relief, a petitioner bears the burden of demonstrating that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2012). We have reviewed the evidence of record and conclude that substantial evidence supports the agency's denial of CAT protection. Finally, we have considered Ni's contention that the Board improperly affirmed the IJ's denial of relief without opinion, and find her contention to be without merit. See 8 C.F.R. § 1003.1(e)(4) (2012).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED